IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JASPER GRIMES,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　**Case No. 4:18cv88-MW/CAS**

**JULIE L. JONES, et al.,**

    **Defendants.**
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a pro se state prisoner, initiated this case in early February 2018. Plaintiff filed a complaint, ECF No. 1, an in forma pauperis motion, ECF No. 2, and a motion for preliminary injunction, ECF No. 3. A week later, on February 15, 2018, Plaintiff filed a motion to hold this case in abeyance. ECF No. 5. Plaintiff indicated in that motion, ECF No. 5, that on February 8, 2018, he submitted his formal grievance to the Warden of his institution and advised that the Warden would have 20 days in which to respond to his grievance. *Id.* at 1. Thereafter, Plaintiff would file an appeal to the Secretary who would then have 30 days in which to respond. *Id.*

Thus, Plaintiff requested that this case be held "in abeyance" for 60 days which would allow him time "to exhaust the administrative exhaustion requirement of the P.L.R.A." ECF No. 5 at 1-2.

An Order was entered in April 2018, advising Plaintiff that this Court lacked authority to stay this case so Plaintiff could complete the administrative remedies process. ECF No. 7. The Order explained that in Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997), the Supreme Court held that a district court had improperly stayed an inmate's civil rights case while he sought the restoration of gain time. 520 U.S. at 649. Because § 1983 does not contain a "judicially imposed exhaustion requirement . . . absent some other bar to the suit, a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* Plaintiff was directed to consider whether or not he should continue this case in light of Edwards. *Id.*

Nevertheless, ruling was deferred on Plaintiff's motion to hold this case in abeyance, ECF No. 5, in light of his pending in forma pauperis motion, ECF No. 2. ECF No. 7. Plaintiff was advised of the ramifications of granting his in forma pauperis motion, directed to carefully consider

whether this case should go forward, and he was given the opportunity to file a notice of voluntary dismissal. ECF No. 7 at 2-3.

On the same day that Order was entered, Plaintiff submitted a notice of exhaustion of the administrative remedy requirement. ECF No. 10. His notice demonstrated that Plaintiff filed a formal grievance on February 8, 2018, and received a response on February 23, 2018. *Id.* at 1-2. Plaintiff filed an appeal of that response on February 28, 2018. *Id.* at 2. Plaintiff stated that the 30 day time period for the Office of Inmate Grievances to respond to his appeal expired without a response. Thus, Plaintiff advised that he was now proceeding "to the next level of the process because" 46 days had elapsed since his appeal was received and the time for responding had passed. *Id.* Plaintiff asserted that he had "met the requirements of exhausting his administrative remedies" and requested that his notice be accepted and his complaint move forward. *Id.* Plaintiff also filed a motion for a preliminary injunction, ECF No. 9.

No action was taken on those filings, however, because Plaintiff had not yet received the Order advising him to consider carefully whether he should proceed. However, on May 10, 2018, Plaintiff filed a second amended complaint, ECF No. 12, a supplemental exhibit regarding

Case No. 4:18cv88-MW/CAS

exhaustion, ECF No. 13, and a response, ECF No. 11, to the prior Order clearly stating his desire to move forward with this litigation. Plaintiff again declared that he exhausted administrative remedies on April 16, 2018, "because the Bureau of Inmate Grievances and Appeals failed to respond to Plaintiff's appeal within the 30 days requirement pursuant to Chapter 33-103.011(3)(c)." ECF No. 11 at 1. In addition, Plaintiff's supplement provided additional evidence supporting his contention that he filed his appeal on March 1, 2018, and "Defendant Jones had (30) days with which to respond pursuant to Chapter 33-103.011(3)(c)." ECF No. 13 at 1. Because Defendant Jones did not respond by March 30, 2018, Plaintiff contends that he is entitled to proceed to this Court "as if Defendant Jones [had] denied his appeal." *Id.*

In enacting the Prison Litigation Reform Act, Congress mandated that no action could "be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is a mandatory, pre-condition to suit and there is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not

Case No. 4:18cv88-MW/CAS

been exhausted prior to filing.  Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *see also* Porter v. Nussle, 534 U.S. 516, 524–25, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002); Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998).  The language specifically states that no action "shall be brought" which requires looking to the date of case initiation to determine if claims are exhausted.  Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (holding that when "considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred.").

Pursuant to the "prison mailbox rule," the Court looks to the date that a prison gives a pleading to prison officials for mail.  In this case, Plaintiff omitted that date, ECF No. 1 at 11, and did not date his complaint when he signed it.  *Id.* at 10.  The complaint was, however, received and filed in this Court on February 9, 2018.  ECF No. 1.  By Plaintiff's own admission, he had not yet exhausted administrative remedies in February.  Plaintiff concedes that his claim was not exhausted until the time expired for Defendant Jones to respond to his grievance appeal.  ECF No. 10 at 2.  That date, March 30, 2018, came *after* case initiation.  ECF No. 13 at 1.

Moreover, this Court does not have discretion to stay an action after filing so that a prisoner plaintiff may pursue exhaustion of his administrative remedies; exhaustion must be complete at the time of filing. Edwards, 520 U.S. at 648, 117 S.Ct. at 1589. The Supreme Court expressly disapproved of the district court's abeyance of a § 1983 action in Edwards:

> Since we are remanding, we must add a word concerning the District Court's decision to stay this § 1983 action while respondent sought restoration of his good-time credits, rather than dismiss it. The District Court was of the view that once respondent had exhausted his state remedies, the § 1983 action could proceed. This was error. We reemphasize that § 1983 contains no judicially imposed exhaustion requirement; absent some other bar to the suit, a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed.

*Id.* at 648, 117 S.Ct. at 1589 (citations omitted) (quoted in Hale v. Riggins, 154 F. App'x 782, 783 (11th Cir. 2005)). Accordingly, claims for which administrative remedies were not exhausted at the time of case initiation should be dismissed because belated exhaustion "subsequent to the filing of suit will not suffice." Medina-Claudio v. Rodríguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Johnson, 340 F.3d at 627-28 (stating that § 1997e(a) "clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal of

such actions rather than issuing continuances so that exhaustion may occur."); McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) (affirming dismissal of inmate's complaint who was in the process of exhausting his administrative remedies); Simmons v. Erjavic, No. CIV.A. 12-979, 2013 WL 1087684, at *4 (W.D. Pa. Feb. 19, 2013), report and recommendation adopted, No. CIV.A. 12-979, 2013 WL 1061917 (W.D. Pa. Mar. 14, 2013) (stating that "[a]llowing exhaustion while the case is pending undermines" the Congressional objective of affording prison officials the opportunity to address complaints internally before case initiation, "and violates § 1997e because a plaintiff could initiate litigation without exhausting, *i.e.*, bring the action before exhausting, and file an amended complaint after exhausting.") (citing Porter, 534 U.S. at 524-25); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001) (affirming dismissal of inmates' complaint because they had begun, but not yet exhausted, the prison grievance procedure); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) (holding that a prisoner "may not exhaust administrative remedies during the pendency of the federal suit."); Perez v. Wisconsin Dep't of Corrs., 182 F.3d 532, 538 (7th Cir. 1999) (remanding for dismissal and reversing the district court's refusal to dismiss when, at the time the

district court was ruling on the motion to dismiss, the inmate had fully exhausted his administrative remedies but had not done so at the time of filing); Wendell v. Asher, 162 F.3d 887, 890–91 (5th Cir. 1998) (affirming dismissal of inmate's complaint even though the claims were exhausted several days after the prisoner filed the action).

The Supreme Court held in Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), that exhaustion is not a pleading rule that falls upon a prisoner to demonstrate in the complaint; rather, it is an affirmative defense. 549 U.S. at 211-212, 127 S.Ct. at 919. Courts generally should not depart from the usual practice under the Federal Rules of Civil Procedure which treat exhaustion as an affirmative defense. Jones, *Id.* at 212, 127 S.Ct. at 919. Yet when it appears on the face of a complaint that the case fails to state a claim, it may be dismissed pursuant to § 1915(e)(2)(B). *Id.*; *see also* Okpala v. Drew, 248 F. App'x 72, 73 at *1 (11th Cir. Aug. 24, 2007); Sanks v. Willams, No. 407cv070, 2007 WL 3254368, at *2 (S.D. Ga. Nov. 2, 2007) (while a prisoner is not required to demonstrate exhaustion in his complaint, nothing precludes the sua sponte dismissal of the complaint where the prisoner affirmatively states that he has not exhausted his administrative remedies); Soler v. Bureau of Prisons,

No. 3:03cv488, 2007 WL 496472, at *2 (N.D. Fla. Feb. 12, 2007) (dismissing claims sua sponte where "the allegations in the complaint, coupled with the numerous and various exhibits attached thereto, presented an adequate factual record and made clear that those claims had not been exhausted.").

Here, Plaintiff has acknowledged that he did not exhaust administrative remedies prior to case initiation. His request to hold this case in abeyance, ECF No. 5, coupled with his notice of exhaustion, ECF No. 10, and supplemental exhibit, ECF No. 13, establish that Plaintiff's claims were not exhausted when this case was filed. Therefore, this case should be dismissed for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 12, be **DISMISSED** for failure to exhaust administrative remedies and for failure to state a claim upon which relief may be granted[1]

---

[1] "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal for failure to exhaust remedies is counted as a strike under § 1915(g)), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)). Jones v. Bock held that

pursuant to 28 U.S.C. § 1915(e)(2), that the motions for preliminary injunction, ECF Nos. 3 and 9, be **DENIED**, and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 20, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

exhaustion was not a pleading requirement but an affirmative defense and "noted, that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim." 549 U.S. at 216.

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.